Weygandt, C. J.
Are the facts alleged in the plaintiffs’ petition sufficient to constitute a cause of action and, if so, did the Court of Common Pleas have jurisdiction of the subject matter?
Briefly summarized, the plaintiffs’ petition contains allegations that in the year 1953 the plaintiffs purchased certain realty from the defendant; that, as part payment therefor, the plaintiffs executed and delivered a promissory note and mortgage to the defendant; that said note was payable in monthly installments of $300 or more; that three years later the plaintiffs arranged with a bank for a new and larger loan with said realty as security therefor; that it was the desire of the plaintiffs to use part of the new loan to pay the balance on the note held by the defendant; that the defendant was so notified and was asked to compute and present his figures showing the unpaid balance of principal and interest on the note; that, although several such requests were made, the defendant refused to comply; that, as a result of the defendant’s refusal, the plaintiffs were required to institute an action in the Court of Common Pleas to compel the defendant to present his note and mortgage for payment and cancellation; that that court rendered a decree in favor of the plaintiffs; that the defendant caused a further delay by an unsuccessful appeal to the Court of Appeals and to the Supreme Court; that “the aforementioned conduct and actions of the defendant were maliciously conceived and taken in wanton reckless disregard of the plaintiffs’ rights and, as a direct result thereof, the plaintiffs were unable to obtain and use the full proceeds of their bank loan until fourteen (14) months after said loan was approved and set up for disbursement to them; that although plaintiffs were without the use and benefit of the aforesaid loan proceeds during the pend-ency of the aforementioned litigation, they have been charged and required to pay interest thereon in the amount of one thousand four hundred twenty-four dollars and ninety-four cents ($1,424.94) in order to preserve and maintain said loan; that the plaintiffs had earmarked five thousand dollars ($5,000) *165 of the aforementioned thirty thousand dollars ($30,000) loan to be used as a down payment on the purchase of a dwelling house which plaintiffs had contracted to purchase; that since plaintiffs could not obtain any part of the aforesaid loan proceeds during the pendency of the litigation and in order to protect their rights and to fulfill their obligations under the said contract and to prevent a breach thereof, the plaintiffs were compelled to and did borrow the sum of five thousand dollars ($5,000) from a private and independent source for which the plaintiffs paid additional interest charges in the sum of three hundred dollars ($300); that said loan was made and granted for a period of ninety (90) days on the assumption that the instant litigation would be terminated in that time; that due to the delay occasioned by the actions of the defendant, as aforesaid, the plaintiffs were required to and did obtain additional extensions of said loan; that in view of the further appeal by the defendant to the Supreme Court of Ohio, plaintiffs could not secure an additional extension of said loan of five thousand dollars ($5,000) and as a consequence thereof plaintiffs were forced to obtain another loan of five thousand dollars ($5,000) from another private source, in order to repay the aforesaid prior loan, all for which the plaintiffs paid extra charges of two hundred forty-nine dollars and ninety-five cents ($249.95) and that “as a further result of the malicious, wanton and reckless actions of the defendant as aforesaid, the plaintiffs incurred attorney fees in the amount of three thousand five hundred dollars ($3,500) and related expenses of litigation in the sum of one hundred forty dollars and sixty-eight cents ($140.68) and that by reason thereof plaintiffs say that they are entitled to recover the sum of five thousand six hundred fifteen dollars and fifty-seven cents ($5,615.57) as compensatory damages and the sum of ten thousand dollars ($10,000) as punitive (exemplary) damages from the defendant herein.”
The plaintiffs suggest that the precise question as to their cause of action is one of first impression in this state but not in others.
In the general statement in 59 Corpus Juris Secundum, 746, Section 474, appears the follows comment:
“A right of action exists when the debt secured has been *166 paid in full or tendered or all other legal conditions have been fulfilled, and plaintiff is entitled to the release or satisfaction demanded or refused.”
In some states such a right of action has been sanctioned by statute. However, in other states the right is not dependent on statute. Ohio is without such a statute, and the plaintiffs claim no such basis for their right of action. Rather, they rely on the decisions in states having no such statute. They cite the cases of Dunitz v. Satovsky, 243 Mich., 423, 220 N. W., 717, and Rosedofsky v. Gorosa, 93 N. H., 394, 42 A. (2d), 740, neither of which is mentioned in the brief of the defendant.
In the syllabus in the Michigan case it was held in part:
“Where it was necessary for plaintiffs to appeal to a court of equity to compel a reconveyance of their property after they had paid the secured debt, the court properly retained jurisdiction to determine their claim for damages for refusal to re-convey.
U# * *
“Plaintiffs, who lost a sale of their property by reason of defendants’ wrongful refusal to reconvey, are entitled to damages therefor * *
And in the opinion it was observed in part:
“Independent of statute, the plaintiffs had an action at law for the recovery of damages which followed from the refusal to reconvey. * * *
U # # *
“The plaintiffs are entitled to such damages as naturally followed from the wrongful act of the defendants in withholding a reconveyance.”
In the syllabus in the New Hampshire case, supra, the court held:
“A mortgagee upon being tendered payment by check of an insurance company for the loss of the insured mortgaged property damaged by fire, where the mortgage provided that payment should be made to the mortgagee as his interest might appear, must, except for reasonable cause, endorse such check, discharge the mortgage, and make an accounting to the mortgagor.
“In such case the mortgagee has no reasonable cause to refuse to endorse the check merely because the mortgagor de *167 clines to pay money to a third party he does not owe; and where the mortgagee’s failure to so endorse the check and discharge the mortgage results in damage to the mortgagor, he is entitled to recover. ’ ’
Hence, in the instant case with the well pleaded allegations of the plaintiffs’ petition accepted as true, as must be done on the defendant’s demurrer thereto, it is clear that the plaintiffs have stated a cause of action.
Did the trial court have jurisdiction of the subject matter?
The defendant relies on the following provisions of Section 2505.34, Revised Code:
“When a judgment of the Court of Common Pleas or the Court of Appeals is substantialy the same as that of the lower court, or when an appeal is dismissed for want of prosecution, damages may be awarded as follows:
<<* * #
“(B) In other cases including those wherein a judgment or decree is for nominal damages and costs, or costs only, unless the court is satisfied that reasonable ground existed for the appeal, such court shall grant damages to the appellee, or party affected, in any sum deemed reasonable, not exceeding two hundred dollars.”
Without citation of authority therefor, the defendant insists that this statute vests in the Court of Appeals sole and exclusive jurisdiction for the adjudication of the plaintiffs’ entire right of damages against the defendant. However, a study of this and cognate statutes demonstrates that these provisions are wholly procedural and not substantive. Their obvious and limited purpose is to discourage and penalize vexatious and meritless appeals and not to confer on an appellate court jurisdiction to determine substantive rights of damages between the parties.
Hence, the lower courts were in error in sustaining the demurrer to the plaintiffs’ petition. The judgment of the Court of Appeals is reversed and the cause is remanded to the trial court for further proceeding.

Judgment reversed.

Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.